UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re | |
| **TOOLS 4 HIRE, et al,** | Case No. 06-14004-RS |
| | Chapter 11 |
| Debtor | (Jointly administered) |

**MOTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR EMPLOYMENT OF THOMAS J. RAFTERY**

To the Honorable Robert Somma,, United States Bankruptcy Judge:

The Official Committee of Unsecured Creditors (the "Committee") of Tools 4 Hire (the "Debtor") hereby moves, pursuant to 11 U.S.C. § 327, Fed. R. Bankr. P. 2014 and MLBR 2014-1, that the Court approve the Committee's retention of Thomas J. Raftery ("Raftery") as its counsel, effective as of November 28, 2006.

In support of this motion, the Committee respectfully represents as follows:

1. On November 1, 2006, the Debtor filed a Voluntary Petition under Chapter 11 of the United States Code, 11 U.S.C. §§ 101 et seq. Since that time, the Debtor has continued in possession of its property and business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. On November 20, 2006, the Office of the United States Trustee formed the Committee pursuant to 11 U.S.C. § 1102.

3. On November 28, 2006, the Committee elected to seek the authority of the Court to employ Raftery as its counsel.

4. The Committee seeks to retain Raftery as its counsel due to Raftery's experience and expertise in bankruptcy practice and in reorganization matters.

5. The expected professional services that Raftery will render to the Committee include, but will not be limited to, the following:

    a. Legal advice with respect to the Committee's responsibilities, powers and duties;

    b. Assistance in the Committee's investigation of the acts, conduct, assets,

liabilities and financial condition of the Debtor;

c. Review of, and representation of the Committee with respect to, pending motions before this Court;

d. Legal advice with respect to the Debtor's proposed plan of reorganization, the prosecution of avoidance actions or claims against third parties, and any other matters relevant to the case or to the formulation of a plan of reorganization in this case;

e. Preparation on behalf of the Committee of necessary applications, motions, answers, responses, orders, reports and other legal papers; and

f. Performance of all other legal services for the Committee which may be necessary and proper herein or under 11 U.S.C. § 11 03.

6. To the best of the Committee's knowledge, based on the statement of Raftery submitted herewith, Raftery does not hold or represent any interest adverse to the interests represented by the Committee, and Raftery is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

7. The Committee has agreed to the following terms of the employment of Raftery, subject to the approval of this Court:

a. Raftery will undertake this representation at his standard hourly billing rate of $250 per hour;

b. The hourly rate stated herein are subject to periodic adjustment to reflect economic and other conditions, and to reflect his increased experience and expertise in this area of law; and

c. The Committee requests that the Debtor make payments for legal fees and disbursements incurred by the Committee during the pendency of this case on the first of each month. The Committee proposes that written fee and expense reports be submitted on a monthly basis to the Committee, the Debtor, the United States Trustee, and the Court. Objections to the fees and expenses will be submitted to the Court for adjudication for a period of twenty (20) days after the invoice is submitted. If any objections are lodged, the Debtor will pay 80 percent of Committee counsel's invoice and reserve the balance for determination by the

Court at the hearing on said counsel's invoice and reserve the balance for determination by the Court at the hearing on counsel's Application for Final Allowance. Raftery shall also provide the members of the Committee with regular statements showing the services performed and expenditures made, as well as the cumulative costs of such services and expenditures.

8. The Committee submits that the Committee's employment of Raftery as its counsel would be in the best interests of the Debtor's estate and its creditors.

9. Approval of this motion as of November 28, 2006 is permissible and appropriate under MLBR 2014-1(d), since this motion is filed within fourteen (14) days of the Committee's retention of Raftery.

WHEREFORE, the Committee requests that this Court enter an order (i) approving the Committee's employment of Raftery to represent the Committee in this case as its legal counsel, effective as of November 28, 2006, under the terms specified herein; and (ii) granting to the Committee suchother and further relief as the Court deems just and proper.

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
By

/s/Carmela Masi
Carmela Masi, Chairperson
Associate Counsel
Entercom
20 Guest Street
Boston, Massachusetts 02135
(617) 779-3508

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re |
|
**TOOLS 4 HIRE, et al,** | Case No. 06-14004-RS
| Chapter 11
Debtor | (Jointly administered)
|

**AFFIDAVIT OF PROPOSED**
**COUNSEL TO THE CREDTORS COMMITTEE**

I, Thomas J. Raftery, on oath depose and say that:

1. Neither I nor any member of my firm holds or represents any interest adverse to the estate of the above-named debtor.

2. My and my firm's connections with the debtor, any creditor, or other party in interest, their respective attorneys and accountants are as follows: None other than from time to time I have represented Casey & Hayes, Inc., an affiliate of one of the entities on the Creditors Committee, concerning bankruptcy matters. I do not represent Casey & Hayes or any of its affiliates in connection with this case and I have no active cases pending with it at this time.

3. I am and each member of my firm is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

4. I have not agreed to share with any person (except members of my firm) the compensation to be paid for the services rendered in this case, except as follows: None                                                                                     
                                                            .

5. I have not received a retainer in this case.

6. I shall amend this statement immediately upon my learning that (A) any of the within representations are incorrect or (B) there is any change of circumstance relating thereto.

7. I have reviewed the provisions of LBR 2016-1.

Executed under the pains and penalties of perjury on this the <u>29th</u> day of <u>November, 2006.</u>

        /s/Thomas J. Raftery
        Thomas J. Raftery BBO#410740
        P.O. Box 550
        Carlisle, MA 01741-0550
        (978) 369-4404

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re

**TOOLS 4 HIRE, et al,**          Case No. 06-14004-RS
                                  Chapter 11
              Debtor              (Jointly administered)

## ORDER

Upon the Motion of the Official Creditors Committee in the above-captioned case seeking to employ Thomas J. Raftery to represent it as Creditors Committee and it appearing that said attorney is duly authorized to practice in this Court, and the Court being satisfied that said attorney does not hold or represent any interest adverse to the estate, it is

ORDERED that the Creditors Committee, and it hereby is, authorized to employ said attorney to represent it under a general retainer in this case; and it is further

ORDERED that the Debtor be, and it hereby is, ordered to make payments for legal fees and disbursements incurred during the pendency of this action on the first of each month so long as counsel to the Creditors Committee submits written fee and expense reports on a monthly basis to the Creditors Committee, the Debtor, the United States Trustee, and the Court. Objections to the fees and expenses will be submitted to the Court for adjudication for a period of twenty (20) days after the invoice is submitted.  If any objections are lodged, the Debtor will pay 80 percent of counsel's invoice and reserve the balance for determination by the Court at any hearing on said counsel's invoice and reserve the balance for determination by the Court at the hearing on counsel's Application for Final Allowance.

Dated:

_____
Robert Somma,
Bankruptcy Judge

# OFFICIAL FORM 7

## United States Bankruptcy Court
### District of Massachusetts

In re   **Tools 4 Hire**                                                    Case No.   **06-14004-RS**
                                    Debtor(s)                                Chapter    **11**

## DECLARATION RE: ELECTRONIC FILING

PART I- DECLARATION OF CHAIRPERSON OF THE CREDITORS COMMITTEE

I [We]  **Carmela Masi, Chairperson of the Creditors Committee**, *hereby declare(s) under penalty of perjury* that all of the information contained in the Application to Employ Counsel for the Creditors Committee (singly or jointly the "Document"), filed electronically, is true and correct. I understand that this *DECLARATION* is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this *DECLARATION* may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated:  **November 29, 2006**

Signed:  _/s/ Carmela Masi_
**Carmela Masi, Chairperson**
(Affiant)

PART II - DECLARATION OF ATTORNEY (IF AFFIANT IS REPRESENTED BY COUNSEL)

I certify that the affiant(s) signed this form before I submitted the Document, I gave the affiant(s) a copy of the Document and this *DECLARATION*, and I have followed all other electronic filing requirements currently established by local rule and standing order. This *DECLARATION* is based on all information of which I have knowledge and my signature below constitutes my certification of the foregoing under Fed. R. Bankr. P. 9011. I have reviewed and will comply with the provisions of MEFR 7.

Dated:  **December 19, 2005**

Signed:  **/s/Thomas J. Raftery**
**Thomas J. Raftery BBO#410740**

Attorney for Affiant